IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES R. WASHINGTON,

OPINION AND ORDER

                    Petitioner,

19-cv-119-bbc

          v.

SUE NOVAK,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


    Petitioner James Washington, who is incarcerated at the Columbia Correctional

Institution, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.

He challenges a judgment of conviction entered on March 8, 2010 by the Circuit Court

for Milwaukee County, Wisconsin in Case No. 2008CF3382, for four counts of first

degree intentional homicide as a party to a crime.  The petition is before this court for

screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Rule 4 requires

the court to examine the petition and supporting exhibits and dismiss a petition if it

"plainly appears" that petitioner is not entitled to relief.  See also 28 U.S.C. § 2243

(habeas court must award writ or order respondent to show cause why writ should not be

granted, unless application makes it clear that petitioner is not entitled to relief).  If the

petition is not dismissed, then the judge must order a response from the state.  When the

court reviews a habeas petition for the first time, it evaluates whether petitioner has

pleaded constitutional or federal law claims and whether petitioner has exhausted available state remedies. Further, the petition must cross "some threshold of plausibility" before the state will be required to answer. Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003); Dellenbach v. Hanks, 76 F.3d 820, 822 (7th Cir. 1996).

Recognizing that only two of his six claims are ready to proceed and the others are not yet exhausted, petitioner asks that I stay his petition while he exhausts four ineffective assistance of counsel claims in state court. After reviewing the petition and accompanying court documents, I conclude that a stay is not warranted in this case because it plainly appears from the petition that petitioner has procedurally defaulted all of his unexhausted claims. However, I will allow petitioner an opportunity to overcome his default by filing a supplement to his petition showing cause for the default and actual prejudice, or showing that the court's failure to consider the claim would result in a fundamental miscarriage of justice. Although petitioner's two exhausted claims are timely and seem to raise constitutional grounds that could support habeas relief, I will not order respondent to answer the petition until petitioner has had an opportunity to overcome his default with respect to his unexhausted claims.


OPINION

Petitioner raises the following grounds for relief in his petition: (1) the trial court erred in denying his motion for a new trial based on newly-discovered evidence that witnesses Rosario Fuentez and Michael Terry recanted their trial testimony implicating

2

petitioner in the murders; (2) trial counsel (plaintiff had two attorneys at trial) were ineffective for failing to develop an alibi theory or call any witnesses on his behalf, including eight specific witnesses with exculpatory information; (3) trial counsel were ineffective for failing to challenge the prosecutor's removal of African Americans from petitioner's jury pool at trial; (4) trial counsel were ineffective for failing to secure expert witnesses to testify about cell tower locations and ballistics; (5) trial counsel were ineffective for failing to move to suppress the identification of petitioner by witness Erica Warrens; (6) trial counsel were ineffective for failing to object to the trial court's rushing petitioner's case to trial before they had an opportunity to prepare his defense. Petitioner states that he exhausted his first two claims for relief in state court but failed to raise claims nos. 3 through 6 in state court because his postconviction and appellate counsel were ineffective in refusing petitioner's request to raise these issues in a postconviction motion for a new trial or on direct appeal. I will discuss the exhausted and unexhausted claims separately below.

A. Exhausted Claims 1 and 2

On July 6, 2012, Mark Rosen, who served as petitioner's appellate and postconviction counsel, filed a postconviction motion seeking a new trial for petitioner on the grounds that (1) there was newly-discovered evidence that two witnesses had recanted (petitioner's claim no. 1 in his petition); and (2) trial counsel were ineffective for failing to call Detective McKee as a rebuttal witness (included in petitioner's claim no. 2 in the

petition).  The circuit court denied the motion for a new trial on April 9, 2013.  With

Rosen's assistance, petitioner appealed that decision and the judgment of his conviction,

raising the same grounds he had raised in his postconviction motion and two additional

grounds he has not raised in the current habeas petition before this court.  On October 1,

2015, the Wisconsin Court of Appeals denied both appeals on the merits in Case No.

2013AP956-CR.  The Wisconsin Supreme Court denied his petition for review on

February 3, 2016.

A little over a year later, on March 27, 2017, petitioner filed a pro se

postconviction motion pursuant to Wis. Stat. § 974.06, arguing that (1) his two trial

counsel were ineffective for failing to develop an alibi theory or call any witnesses on his

behalf, including Detective McKee and seven other named witnesses with exculpatory

information (claim no. 2 in the petition); and (2) his postconviction and appellate

counsel was ineffective for not raising these issues in the first postconviction motion for a

new trial or on direct appeal.  The circuit court denied the motion on March 31, 2017,

finding that (1) the ineffective assistance of trial counsel claims were procedurally barred

by State v. Escalona-Naranjo, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994), because

petitioner could have raised those issues in his first postconviction motion; and (2) the

specific claim with respect to Detective McKee had been raised previously and could not

be litigated a second time pursuant to State v. Witkowski, 163 Wis 2d 985, 990, 473

N.W.2d 512 (Ct. App. 1991) ("A matter once litigated may not be relitigated in a

subsequent postconviction proceeding no matter how artfully the defendant may rephrase

the issue."). The circuit court summarily denied petitioner's subsequent motion for reconsideration on April 18, 2017.

Petitioner raised the same arguments on appeal, which the state court of appeals denied on August 8, 2018 in Case No. 2017AP814. The court of appeals affirmed the circuit court's holding under Escalona-Naranjo and also analyzed petitioner's claims of ineffective assistance of postconviction counsel under Strickland v. Washington, 466 U.S. 668 (1984). The court of appeals found that petitioner had not proven that his postconviction counsel's performance was deficient because he had failed to show under State v. Romero-Georgana, 2014 WI 83, ¶4, 360 Wis. 2d 522, 849 N.W.2d 668, that the neglected claims were clearly stronger than those claims brought by postconviction counsel. The court of appeals also determined that petitioner had not made sufficient allegations in his motion to entitle him to an evidentiary hearing on the ineffective assistance of his postconviction counsel. The Wisconsin Supreme Court denied his petition for review on January 15, 2019.

It appears that petitioner's exhausted claims are timely because he had 7 days left on his habeas clock when he filed his petition in this court. (His conviction became final on May 3, 2016, the last day on which he could have filed a petition for a writ of certiorari with the United States Supreme Court. His one-year habeas clock ran for 328 days until he filed his pro se § 974.06 motion on March 27, 2017, and then started again when the Wisconsin Supreme Court denied his petition for review of the denial of that motion on January 15, 2019. An additional 30 days elapsed before petitioner filed his

habeas petition in this court on February 14, 2019.)  It also appears that the exhausted claims raise constitutional grounds that could support habeas relief and that it is not plain from the petition that petitioner is not entitled to relief on these claims.  Strickland, 466 U.S. at 687-90 (criminal defendant has constitutional right to assistance from counsel that is reasonable under the circumstances); Moore v. Casperson, 345 F.3d 474, 491 (7th Cir. 2003) (quoting Coogan v. McCaughtry, 958 F.2d 793, 801 (7th Cir. 1992)) ("[W]e have held that 'in some situations newly discovered evidence is so compelling that it would be a violation of the fundamental fairness embodied in the Due Process Clause not to afford a defendant a new trial in which the evidence could be considered.'").  Accordingly, petitioner will be allowed to proceed on claims 1 and 2 in his petition.

## B.  Unexhausted Claims 3 through 6

It is well established that a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief.  Richardson v. Lemke, 745 F.3d 258, 268 (7th Cir. 2014); 28 U.S.C. § 2254(b)(1).  This exhaustion requirement has two components:  (1) petitioner's claims must be exhausted, meaning that there is no remaining state court with jurisdiction to hear the claims; and (2) exhaustion must not be attributable to the petitioner's failure to comply with the state court system's procedural rules.  Johnson v. Foster, 786 F.3d 501, 504 (7th Cir. 2015); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).

Petitioner admits that he failed to exhaust his ineffective assistance of trial counsel claim nos. 3 through 6. Recognizing that he cannot proceed on both exhausted and unexhausted claims in the same petition, Rose v. Lundy, 455 U.S. 509, 510 (1982), petitioner asks the court to stay his petition while he files a habeas petition pursuant to State v. Knight, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992), arguing that Rosen was ineffective for failing to raise these particular claims in the postconviction motion for a new trial or on direct appeal, even though petitioner told him to do so. The United States Supreme Court has held that federal courts may stay a mixed petition in situations in which outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition on the unexhausted claims, but the Court has instructed district courts to stay a habeas petition only if the petitioner shows that (1) he has good cause for his failure to exhaust his claims in state court and (2) his claims are not plainly meritless. Rhines v. Weber, 544 U.S. 269, 275-77 (2005).

Although petitioner blames Rosen for not raising the additional ineffective assistance of trial counsel claims, the failure to exhaust is attributable to petitioner's own failure to comply with the state court system's procedural rules. Petitioner admits in his petition that he knew about his ineffective assistance of trial counsel claims as early as 2012, when Rosen was representing him, but he failed to raise the claims on his own behalf when he filed his pro se postconviction motion in March 2017, in which he raised other ineffective assistance of counsel claims. Accordingly, I find that petitioner did not

have good cause for failing to exhaust his claim nos. 3 through 6 in state court and will

deny his request for a stay.

In addition, petitioner's unexhausted claims are barred by the doctrine of

procedural default, which prevents a federal court from reaching the merits of a habeas

claim if the petitioner failed to present his claim to the state courts and it is clear that

those courts would now hold the claim procedurally barred. Perruquet, 390 F.3d at 514;

Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264

F.3d 732, 737-38 (7th Cir. 2001). As discussed above, petitioner may not raise his

unexhausted claims in state court because he may not file a second postconviction motion

raising claims that he could have raised in his earlier pro se postconviction motion.

Escalona-Naranjo, 185 Wis. 2d at 185 (defendant who has had direct appeal or another

postconviction motion may not seek collateral review of issue that was or could have been

raised in the earlier proceeding).

A habeas petitioner may overcome procedural default by demonstrating cause for

the default and actual prejudice or by showing the court's failure to consider the claim

would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S.

722, 750 (1991). A petitioner can demonstrate cause for his default by pointing to some

objective factor external to the defense which blocked his ability to comply with the

procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, he

must present evidence that the errors at trial "worked to his actual and substantial

disadvantage, infecting his entire trial with error of constitutional dimensions."

Perruquet, 390 F.3d at 515 (quoting United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original)). The fundamental-miscarriage-of-justice exception requires a showing that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 393 (2004) (quoting Carrier, 477 U.S. at 496); Schlup v. Delo, 513 U.S. 298, 327 (1995)).

Because procedural default is an affirmative defense, petitioner was not required to show cause and prejudice or actual innocence in his petition. Perruquet, 390 F.3d at 515. Nevertheless, a court may raise an affirmative defense before requiring the state to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." Gleash v. Yuswak, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). That standard is met in this case.

Therefore, petitioner will be allowed an opportunity to overcome his default by showing: (1) what cause he may have had (apart from ineffective assistance of postconviction and appellate counsel) for not including his claims in his March 2017 postconviction motion and what prejudice he will suffer if this court fails to consider his claims; or (2) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the conviction in Milwaukee County case number 2008CF3382. Because any response will be considered as a

"supplement" to his petition for a writ of habeas corpus, petitioner must make sure to declare that any statements contained in his response are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner). Petitioner may have 30 days to file the supplement. If he files the supplement, the court will determine whether he may proceed with his unexhausted claims nos. 3 through 6 or whether they should be dismissed as procedurally defaulted. If petitioner fails to file a supplement within 30 days, claims nos. 3 through 6 will be dismissed as procedurally defaulted and the court will ask the state to respond only to exhausted claim nos. 1 and 2.

ORDER

IT IS ORDERED that

1. Petitioner James Washington has 30 days from the date of this order to file a supplement to his petition showing why his petition should not be dismissed as barred by the doctrine of procedural default.

2. If petitioner does not respond to this order within 30 days, the court will dismiss unexhausted claims 3 through 6 in the petition as barred by the doctrine of procedural default and order the state to respond the exhausted claims 1 and 2 in the petition.

Entered this 3d day of May, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge