IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES R. WASHINGTON,

                                                                            ORDER

                   Petitioner,

                                                                      19-cv-119-bbc

     v.

SUE NOVAK,

                   Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner James Washington, who is incarcerated at the Columbia Correctional Institution, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2010 conviction. In an order entered on June 21, 2019, I found that petitioner had procedurally defaulted four ineffective assistance of trial counsel claims by not raising them in the pro se postconviction motion he filed in state court in 2017. Dkt. #8. Petitioner has now moved for reconsideration of that order, arguing that I erred in concluding that his failure to exhaust these claims is attributable to his own failure to comply with the state court system's procedural rules. Dkt. #12. Specifically, petitioner seems to believe that he may still be able to raise his unexhausted claims in state court in a petition filed pursuant to <u>State v. Knight</u>, 168 Wis. 2d 509, 484 N.W. 2d 540 (1992). However, petitioner is mistaken.

In <u>Knight</u>, 168 Wis. 2d at 522, the Wisconsin Supreme Court held that claims of ineffective assistance of *appellate* counsel must be raised in a habeas corpus petition filed in the appellate court that heard the appeal. However, petitioner's unexhausted claims relate to the ineffective assistance of his *trial* counsel and must be raised first in a postconviction motion. <u>Page v. Frank</u>, 343 F.3d 901, 906 (7th Cir. 2003) (ineffective assistance of trial counsel claims must first be brought in motion under Wis. Stat. §§ 974.02 or 974.06); <u>State ex rel. Rothering v. McCaughtry</u>, 205 Wis. 2d 675, 677-78, 556 N.W.2d 136, 137 (Ct. App. 1996) ("Claims of ineffective trial counsel . . . cannot be reviewed on appeal absent a postconviction motion in the trial court."). Therefore, a <u>Knight</u> petition would not help petitioner in this case. Further, as I explained in my previous orders, even though petitioner alleges that his postconviction counsel failed to raise all potential claims of ineffective assistance of trial counsel in the § 974.02 motion, petitioner had the opportunity to raise his claims in his pro se § 974.06 motion but failed to do so, and he has not made the showing necessary to overcome this procedural default. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>State v. Escalona-Naranjo</u>, 185 Wis. 2d 168, 185, 517 N.W. 2d 157, 164 (Wis. 1994).

ORDER

IT IS ORDERED that petitioner James Washington's motion for reconsideration, dkt. #12, is DENIED.

Entered this 7th day of August, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge