IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES WASHINGTON,

                                                 OPINION AND ORDER

                Petitioner,

                                                 19-cv-119-bbc

    v.

SUE NOVAK,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

James Washington filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, in which he challenges a March 8, 2010 conviction for four counts of first degree intentional homicide as a party to a crime. Petitioner contends that (1) the trial court erred in denying his motion for a new trial based on newly discovered evidence that co-actor Rosario Fuentez recanted his trial testimony implicating petitioner in the murders; and (2) his trial attorneys were ineffective for failing to call eight witnesses at trial and not developing an alibi theory. (The previous order directing respondent to answer the petition included an incorrect reference to the recantation of Michael Terry's testimony in the description of claim one. Dkt. #8. Petitioner has not argued that he is entitled to federal habeas relief based on Terry's recantation. See dkt. #1 at 5, 11.) The petition is briefed and ready for decision. (Although petitioner was granted two extensions

amounting to a total of about five months within which to file a reply to respondent's brief opposing his petition, he did not file a reply brief.  See dkt. ##34, 37.)

For the reasons that follow, I conclude that petitioner has failed to show a denial of his constitutional rights.  Accordingly, I will deny the petition.

BACKGROUND

The following facts are drawn from the petition and state court records provided by petitioner and the state.

A.  Pretrial and Trial Proceedings

In Milwaukee County case number 2008CF3382 2014CF5719, petitioner James Washington was charged with four counts of first-degree intentional homicide, as party to a crime, in violation of Wis. Stat. §§ 939.05 and 940.01(1)(a).  The underlying accusations accused petitioner of accompanying Antonio Williams and Rosario Fuentez to 27th and Wright Streets in Milwaukee in the early morning hours of July 4, 2008, to seek revenge on someone who had beaten up Williams and stolen his watch.  The men "observed a large group of people in the street appearing to be participating in an after hours party" in front of a house.  According to the criminal complaint, petitioner and Williams were armed with assault rifles, and Fuentez had a handgun.  Petitioner positioned himself at a different location from Williams and Fuentez, who opened fire on

the crowd, killing Kendrick Jackson, Jacoby Claybrooks, Theresa Raddle and Mariella Fisher. Dkt. #18-6 at 2.

Fuentez accepted a plea deal in which he agreed to testify at petitioner's trial. Fuentez's testimony was consistent with the allegations in the complaint. He testified that although he could not see petitioner when the shooting began, he heard shots coming from petitioner's location, and petitioner declared "he was out" of ammunition after the shooting was over. Id.

Part of the state's theory at trial was that on the night of the murders, petitioner went to the Questions Nightclub to ascertain the whereabouts of the individuals whom Williams claimed had assaulted and robbed him. Consistent with this theory, two witnesses testified at trial that they saw petitioner at Questions on the night of the shootings. Id. at 7. One of the two witnesses additionally testified that he had not been carded that night and that Questions does not request identification from every patron, especially those who go to the bar regularly. Id. at 8.

The jury found petitioner guilty of all charges, and the court sentenced him to four counts of life imprisonment without the possibility of extended supervision. Id. at 2; dkt. #18-1.

B. Direct Review

Petitioner, through new counsel, filed a postconviction motion under Wis. Stat. § 809.30, seeking a new trial on multiple grounds, including that (1) Fuentez had since

recanted his testimony, stating that he had lied about petitioner's involvement in the shootings; and (2) his trial counsel were ineffective for not calling Detective Richard McKee to testify that petitioner's name did not appear on the computerized list of patrons who showed identification to enter the Questions nightclub on the night of the shootings. Dkt. #18-37. The circuit court ordered an evidentiary hearing on the recantation claim but denied the motion as to petitioner's other claims, including his claim that his trial counsel were ineffective for not calling McKee to testify about the nightclub's computer records. Dkt. #18-6 at 6-8.

In support of his recantation claim, petitioner submitted an affidavit and letters from Fuentez, who averred that he had falsely accused petitioner to reduce his own role in the homicides. Fuentez said that petitioner's name just "came to mind" when he spoke with police, and he "always had somewhat of a dislike" for petitioner because he was a member of a rival gang. Dkt. #18-6 at 9; dkt. #18-37 at 43. At the evidentiary hearing, Detective James Hensley testified that Fuentez told him that petitioner made him write the affidavit and letters recanting his trial testimony, that "nothing in the affidavits was true," and that he had told the truth at trial. Dkt. #18-6 at 11; dkt. #18-42 at 142-43. Hensley further testified that Fuentez said that he had signed the affidavit and letters because he feared for his life, that he had stopped going to meals for fear that something would happen to him if he went to eat and that an associate of petitioner's stared at him in a threatening manner until he finally agreed to sign the affidavit. Dkt. #18-6 at 11; dkt. #18-42 at 144-49. Fuentez would not answer any

4

questions at the hearing, asserting his Fifth Amendment right against self incrimination or stating: "You got the letters, the affidavits. It's all my handwritin'. I'm not gonna say no more." Dkt. #18-6 at 18; dkt. #18-42 at 20.

In a bench ruling, the circuit court denied petitioner's motion on the ground that it found Fuentez's recantation not credible. Dkt. #18-6 at 11; dkt. #18-43 at 20, 39. The circuit court based its finding on Hensley's testimony, Fuentez's evasive demeanor at the hearing as compared to his cooperative demeanor at trial, and Fuentez's refusal to provide straight or complete answers to questions at the hearing. Dkt. #18-6 at 11; dkt. #18-43 at 17-20.

Petitioner appealed, reasserting his request for a new trial based on the recantation, and on his trial counsel's failure to call Detective McKee as a witness. Dkt. #18-6 at 9-11. The court of appeals affirmed the order denying postconviction relief and the judgment of conviction. As to the recantation claim, the court concluded that petitioner failed to prove a reasonable probability of a different outcome if the recantation were presented at a new trial with all the other evidence. Dkt. #18-6 at 9. The court of appeals noted that the circuit court had rejected Fuentez's recantation as not credible and found such a determination "sufficient to conclude that it is not reasonably probable that a different result would be reached at a new trial." Dkt. #18-6 at 11 (quoting State v. Terrance J.W., 202 Wis. 2d 496, 550 N.W.2d 445, 447 (Ct. App. 1996)).

The court of appeals upheld the order denying petitioner's ineffective assistance of trial counsel claim without a hearing on the ground that petitioner had not shown that the failure to call McKee to testify was prejudicial. The court of appeals agreed with the circuit court that the record of nightclub patrons who had been carded was "of small importance." Dkt. #18-6 at 8. Even if, as petitioner asserted, this evidence would have shown that the club had no record of petitioner's presenting his identification at the door, eyewitnesses testified that he was there, and evidence was presented that the club did not card all patrons. Dkt. #18-6 at 8.

Petitioner filed a timely petition for review in which he renewed his claims. Dkt. #18-9. The Wisconsin Supreme Court denied his petition on February 3, 2016. Dkt. #18-11.

### C. Collateral Proceedings

In March 2017, petitioner filed a pro se Wis. Stat. § 974.06 motion alleging that trial counsel rendered ineffective assistance by not calling eight specific witnesses at trial, including McKee, and by "abandoning" his defense by not calling any trial witnesses. Dkt. #18-16 at 3; dkt. #18-45. Along with the motion, petitioner submitted affidavits stating what he believed each witness would say at trial. Dkt. #18-16 at 3; dkt. ##18-47 to 18-54. The circuit court denied the motion without a hearing and denied petitioner's subsequent motion for reconsideration on the ground that petitioner's ineffective assistance claim as to McKee's testimony was barred by State v. Witkowski, 163 Wis. 2d

985, 473 N.W.2d 512, 514 (Ct. App. 1991), because it was previously litigated on direct review. Dkt. #18-16 at 3; dkt. #18-55 at 2. The circuit court also concluded that petitioner's remaining claims were barred by State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157, 163-64 (1994), because petitioner could have raised them in his first postconviction motion. Dkt. #18-16 at 3; dkt. #18-55 at 3. The court recognized that petitioner referred to his postconviction counsel's failure to raise appropriate issues in the first postconviction motion, but found that petitioner did not assert with any specificity what his postconviction counsel had failed to do. Dkt. #18-55 at 1-2 (citing State ex rel. Rothering v. McCaughtry, 205 Wis.2d 675 (Ct. App. 1996); State v. Starks, 349 Wis. 2d 274 (2013); State v. Romero-Georgana, 347 Wis. 2d 549 (2014)). It went on to explain that even if petitioner had properly pled allegations with respect to his postconviction counsel's ineffectiveness, they were conclusory because he failed to develop any factual basis for a claim of ineffective assistance of postconviction counsel. Id. at 3. In particular, the circuit court noted that petitioner did not submit affidavits from the nine witnesses themselves, which was necessary to support his claim of ineffective assistance of postconviction counsel. Id. (citing State v. Balliette, 336 Wis. 2d 558 (2011)).

Petitioner reasserted all of these ineffective assistance claims on appeal. In a summary opinion, the Wisconsin court of appeals affirmed, concluding that the circuit court had properly determined that petitioner was not entitled to a hearing on his motion because he failed to show a sufficient reason why he did not raise his claims in his first motion, as required by Escalona-Naranjo. State v. James R. Washington, case no.

7

2017AP814 (Wis. Ct. App. Aug. 8, 2018) (unpublished), dkt. #18-16. Although the court noted that petitioner suggested ineffective assistance of postconviction counsel as a reason for the default, it concluded that petitioner failed to adequately plead such a claim. The court explained that petitioner's "motion d[id] not explicitly allege—much less adequately explain or demonstrate—that the issues Washington raised in his [Wis. Stat.] § 974.06 motion are 'clearly stronger' than those postconviction counsel chose to pursue," an allegation necessary to a claim of postconviction ineffectiveness in Wisconsin. Dkt. #18-16 at 6. Petitioner filed a petition for review, which the Wisconsin Supreme Court denied on January 15, 2019. Dkt. ##18-17, 18-19 and 18-20.

Petitioner filed his petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court in February 2019.

OPINION

Petitioner contends that he is entitled to habeas relief because: (1) the state courts erred in denying his motion for a new trial based on newly discovered evidence that co-actor Rosario Fuentez recanted his trial testimony implicating petitioner in the murders; and (2) his trial attorneys were ineffective for failing to call Detective McKee and seven other witnesses at trial and develop an alibi theory. To prevail on his petition, petitioner must show that he is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §§ 2241(c), 2254(a).

8

A state court's decision rejecting petitioner's claim on the merits is subject to the deferential standard of review under 28 U.S.C. § 2254(d).  Under § 2254(d)(1), petitioner must show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."  A decision is contrary to clearly established federal law if it applies a rule that is different from governing law set forth in Supreme Court cases.  Bailey v. Lemke, 735 F.3d 945, 949-50 (7th Cir. 2013).  A decision involves an unreasonable application of Supreme Court precedent if the decision identifies the correct governing rule of law, but applies the law unreasonably to the facts of the case.  Id.

Alternatively, petitioner can obtain relief if he shows that the state court's adjudication of his claim on the merits was based upon an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(2).  But again, the federal court owes deference to the state court.  The underlying state court findings of fact are presumed correct unless the petitioner comes forth with clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1); Campbell v. Smith, 770 F.3d 540, 546 (7th Cir. 2014).

Alleged violations of state law are not cognizable in federal habeas proceedings. Wilson v. Corcoran, 562 U.S. 1, 5 (2010).  Likewise, "[w]hen a state court resolves a federal claim by relying on a state law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed."   Richardson v. Lemke, 745 F.3d 258, 268 (7th Cir. 2014) (citations

9

omitted). This rule is grounded in "'equitable considerations of federalism and comity,' and it serves to ensure 'that the States' interest in correcting their own mistakes is respected in all federal habeas cases.'" Id. (citations omitted). Because independent state law grounds for resolving federal claims are usually procedural ones, claims resolved in this manner are referred to as procedurally defaulted. Id. (citations omitted).

### A. Denial of New Trial Based on Recantation

Petitioner contends that the state courts improperly denied his request for a new trial based on newly discovered evidence that Fuentez recanted his trial testimony. The Wisconsin court of appeals denied this claim on the ground that petitioner failed to meet his burden under Wisconsin law regarding newly discovered evidence because he did not show that there was a reasonable probability that the recantation would lead to a different outcome at trial. As respondent argues, this is not a cognizable claim for federal habeas relief.

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Tabb v. Christianson, 855 F.3d 757, 764 (7th Cir. 2017) (citing Herrera v. Collins, 506 U.S. 390, 390-91, 400 (1993)). See also Johnson v. Bett, 349 F.3d 1030, 1038 (7th Cir. 2003) ("For claims based on newly discovered evidence to state a ground for federal habeas relief, they must relate to a constitutional violation independent of any claim of innocence."). In cases

10

like this one where the newly discovered evidence is a "witness recantation[] of trial testimony or confessions by others of the crime, most courts decline to consider it in the absence of any showing that the prosecution knowingly proffered false testimony or failed to disclose exculpatory evidence, or that petitioner's counsel was ineffective." Id. (quoting Coogan v. McCaughtry, 958 F.2d 793, 801 (7th Cir. 1992)). Petitioner has not connected the new evidence regarding Fuentez's recantation to any constitutional violation that occurred during his trial. Further, even though newly discovered evidence is a ground for relief under Wisconsin law, State v. Plude, 2008 WI 58, ¶¶ 32-33, 310 Wis. 2d 28, 750 N.W.2d 42, petitioner cannot seek federal habeas relief due to a state court's improper application of state law. Ruhl v. Hardy, 743 F.3d 1083, 1098 (7th Cir. 2014). Accordingly, this claim will be dismissed.

### B. Ineffective Assistance of Trial Counsel

On direct review in the state courts, petitioner argued that McKee's testimony that petitioner's name did not appear on the list of nightclub patrons who presented identification on the night of the shootings would have rebutted the testimony of the two witnesses placing him at the nightclub that night. In a later-filed, pro se postconviction motion, petitioner argued for the first time that his trial attorneys also were ineffective for not calling seven additional witnesses and developing an alibi defense.

Petitioner is not entitled to habeas relief on any his ineffective assistance claims for the reasons below.

11

1. Failure to call McKee as a witness

In reviewing this claim, the Wisconsin court of appeals stated correctly that to succeed on his ineffective assistance claim, petitioner must show both that his counsel's performance was deficient and that he was prejudiced as a result. Dkt. #18-6 at 6 (citing Strickland v. Washington, 446 U.S. 668, 687 (1984)). To demonstrate deficient performance, petitioner must show "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. To demonstrate prejudice, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Under Wisconsin law, it is a prerequisite to appellate review of an ineffective assistance claim that the challenged attorney explain his or her actions at a postconviction evidentiary hearing. State v. Machner, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979). The postconviction court must hold a Machner hearing if the defendant's motion "on its face alleges sufficient material facts that, if true, would entitle the defendant to relief." State v. Allen, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. The court may deny a postconviction motion for a hearing "if all the facts alleged in the motion, assuming them to be true, do not entitle the movant to relief; if one or more key factual allegations in the motion are conclusory; or if the record conclusively demonstrates that the movant is not entitled to relief." Id. at ¶ 2, 274 Wis. 2d 568, 682 N.W. 2d 433 (citing State v. Bentley, 201 Wis. 2d 303, 548 N.W.2d 50 (1996), and Nelson v. State, 54 Wis. 2d 489, 497, 195 N.W.2d 629 (1972)). In petitioner's case, the

12

Wisconsin Court of Appeals determined that even if McKee would have testified as petitioner alleged, the showing of potential prejudice was too weak to entitle petitioner to relief.

Part of the state's theory at trial was that on the night of the murders, petitioner went to the Questions Nightclub in order to ascertain the whereabouts of the individuals who had allegedly assaulted and robbed one of his co-actors. Two witnesses testified at trial that they saw petitioner at the nightclub on the night of the shootings. In his postconviction motion, petitioner argued that McKee should have been called to testify that petitioner's name did not appear on the nightclub's list of patrons whose identifications were checked that evening. The state circuit concluded that petitioner had failed to show that he was prejudiced by counsel's failure to call McKee as a witness because McKee's testimony would have been "of small importance" in light of the overall evidence adduced at trial. On appeal, the Wisconsin Court of Appeals agreed and determined that McKee's testimony would not have cast significant doubt on the witness testimony placing petitioner at the nightclub on the night of the shootings.

The court of appeals's analysis and conclusion are reasonable. As the court of appeals noted, petitioner did not allege that the detective or anyone else would have testified that all or even most of nightclub's patrons appear on the nightclub's records on any given night. Further, a trial witness testified that he himself had not been carded at the nightclub on the night of the shootings and that the nightclub does not request identification from every patron, especially those who go to the bar regularly.

13

In sum, the court of appeals' rejection of petitioner's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of Strickland. Nor was the court of appeals' decision unreasonable in light of the evidence. Therefore, petitioner is not entitled to habeas relief on this claim.

2. Failure to call additional witness and develop alibi defense

Respondent argues that because the court of appeals decided petitioner's claim as to the remaining seven witnesses and the related alibi defense argument on two different independent and adequate state law grounds, they are procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991) (federal claims resolved on independent and adequate state procedural grounds are not reviewable in federal habeas proceedings). The independent and adequate state ground doctrine precludes federal habeas review "where the state courts declined to address a petitioner's federal claims because the petitioner did not meet state procedural requirements." Thomas v. Williams, 822 F.3d 378, 384 (7th Cir. 2016) (citing Coleman, 501 U.S. at 729-30). See also Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002) ("A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time—as state rules define those courts, ways, and times."). An independent state ground exists "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." Thompkins v. Pfister, 698 F.3d 976, 986 (7th Cir. 2012) (citing Kaczmarek v. Rednour, 627 F.3d 586, 592 (7th Cir. 2010)). A state law ground is adequate "when it is

14

a firmly established and regularly followed state practice at the time it is applied." Id. However, "[p]rocedural default may be excused . . . where the petitioner demonstrates either (1) 'cause for the default and actual prejudice' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" Thomas, 822 F.3d at 386 (quoting Coleman, 501 U.S. at 750).

In this case, the state court of appeals rejected petitioner's ineffective assistance claims regarding the testimony of seven additional witnesses and an alibi defense because he failed to raise them in his first postconviction motion and did not show a sufficient reason why he did not do so, as required by Wis. Stat. § 974.06(4) and Escalona-Naranjo, 185 Wis. 2d at 185 (defendant who has had direct appeal or another postconviction motion may not seek collateral review of issue that was or could have been raised in the earlier proceeding unless there is "sufficient reason" for failing to raise it earlier). Dkt. #18-16 at 3-7. The court acknowledged that "[p]ostconviction counsel's ineffectiveness may, in some circumstances, constitute a sufficient reason for an additional postconviction motion," but it explained that "a defendant may not merely allege that postcoriviction counsel was ineffective; he or she must instead 'make the case of' postconviction counsel's ineffectiveness" under Strickland. Dkt. #18-16 at 4 (citing State v. Balliette, 2011 WI 79, ¶ 67, 336 Wis. 2d 358, 805 N.W.2d 334; State ex rel Rothering v. McCaughtry, 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Ct. App. 1996)). Specifically, in cases in which a defendant claims that his postconviction counsel was ineffective for failing to raise claims that defendant believes were meritorious, defendant

15

must show that the neglected claims were "clearly stronger than the claims postconviction counsel actually brought." Id. at 6 (citing State v. Romero-Georgana, 2014 WI 83, ¶ 4, 360 Wis. 2d 522, 849 N.W.2d 668). See also Smith v. Robbins, 528 U.S. 259, 287 (2000) (to show appellate counsel was deficient in not raising a claim, defendant must demonstrate that unraised claim is clearly stronger than those actually raised on direct review). The state court of appeals found that petitioner had failed to allege, much less demonstrate, in his pro se postconviction motion that his former postconviction counsel was ineffective for failing to raise the additional ineffective assistance claims in petitioner's first postconviction motion. Id. at 6-7. As the circuit court found, petitioner did not develop any factual basis for his claim of ineffective assistance of postconviction counsel, relying only on affidavits that he and not the alibi witnesses themselves had signed.

The state appellate court therefore "'clearly and expressly' relied on procedural default as the basis of its ruling." Perry v. McCaughtry, 308 F.3d 682, 690 (7th Cir. 2002) (quoting Braun v. Powell, 227 F.3d 908, 912 (7th Cir. 2000)). Those procedural grounds also were adequate. As respondent argues, the Seventh Circuit has long recognized that the sufficient reason standard in § 974.06(4) and Escalona-Naranjo is an adequate and independent state procedural ground precluding federal review. Howlett v. Richardson, 729 Fed. App'x 461, 465 (7th Cir. 2018); Perry, 308 F.3d at 690-92. Similarly, the Seventh Circuit has held that Wisconsin's postconviction motion pleading standards are an adequate and independent state law ground on which Wisconsin courts

16

routinely resolve federal claims. Lee v. Foster, 750 F.3d 687, 693-94 (7th Cir. 2014) (failure to offer more than conclusory allegations of postconviction counsel's ineffectiveness was adequate and independent state procedural ground).

In his brief in support of his petition, petitioner appears to argue that he may overcome his procedural default under the doctrine announced in Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 569 U.S. 413 (2013), which provides that the procedure by which many states hear claims of trial counsel ineffectiveness may be cause to excuse a procedural default. Brown v. Brown, 847 F.3d 502, 509 (7th Cir. 2017). Specifically, cause exists (1) when state law requires claims of ineffective assistance of trial counsel to be raised in an initial-review *collateral* proceeding, and there was no counsel or counsel was ineffective in that proceeding; or (2) when state law allows, in theory, a claim of ineffective assistance of trial counsel to be raised on direct review "but, as a matter of procedural design and systemic operation, denies a meaningful opportunity to" raise the claim on direct review. Id. However, the Seventh Circuit has determined that the Martinez-Trevino doctrine does not apply to Wisconsin claims of ineffective assistance of trial counsel because Wisconsin requires such claims to be raised with all others on direct review. Brown, 847 F.3d at 510 n.1 ("[T]he Martinez-Trevino exception does not apply to the procedures that govern the typical ineffective assistance of trial counsel claim in Wisconsin courts); Ramirez v. United States, 799 F.3d 845, 851 (7th Cir. 2015) ("Wisconsin law treats postconviction relief in an unusual way, insofar as it allows defendants to raise a claim of ineffectiveness of counsel simultaneously with a

direct appeal."); Nash v. Hepp, 740 F.3d 1075, 1079 (7th Cir. 2014) ("Wisconsin law expressly allows—indeed, in most cases requires—defendants to raise claims of ineffective assistance of trial counsel as part of a consolidated and counseled direct appeal, and provides an opportunity to develop an expanded record."). Further, petitioner raised his additional ineffective assistance of trial counsel claims in a successive review, and not an initial one, as required under the doctrine. Martinez, 566 U.S. at 9-10.

Accordingly, petitioner's claims that his trial counsel were ineffective for failing to call seven additional witnesses and develop an alibi defense are barred under the doctrine of procedural default.

### C. Certificate of Appealability

The only question remaining is whether to issue petitioner a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 282 (2004)(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Petitioner has not made a showing, substantial or

otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the Supreme Court. Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that

1. Petitioner James Washington's petition for a writ of habeas corpus under 28 U.S.C. § 2254, dkt. #1, is DENIED, and this case is DISMISSED. The clerk of court is directed to enter judgment for respondent and close this case.

2. A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered this 10th day of February, 2021.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge