IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

***

JAMES R. WASHINGTON,

                Petitioner,

   -vs-                    W.D. Wis. §2254 #19-cv-119-bbc;
                             7th Cir. Appeal No. _____.
SUE NOVAK, Warden
[F.R.C.P., Rule #25(d)
Substituted Party/Warden:
LARRY FUCHS, CCI Warden];

                Respondent.

***

## NOTICE OF APPEAL

***

    Notice is hereby given that **James R. Washinton** [DOC #301901], pro se [In Forma Pauperis],,Petitioner in the above named Federal 28 U.S.C. §2254 Petition For Writ Of Habeas Corpus Relief, hereby Appeal to the United States Court Of Appeals for the Seventh Circuit, from the February 11, 2021 [Order] filed by the District Court, wherein the Honorable Barbara B. Crabb, presiding District Court Judge for the United States District Court for the Western District of Wisconsin. Denied [Petitioner] Habeas Corpus Relief Sought on all Ground(s) submitted within the §2254 Petition, asserting: 1.] Denial Of New Trial Based On Recantation Of The States' Star Witness Trial Testimony, was Not Unreasonable; 2.] Trial Counsel [Abandonment] Of The Agreed To, And Prepared [Alibi] Defense Without Calling A [Single] Witness, And Confessing That He Was Still Suffering Too Much Grief From His Fathers Passing To Be Ready, "To Proceed To Trial Of This Four(4) Count Homicide Case" Was Either Not "Unreasonable" and/or Procedurally Defaulted By The Wisconsin Court Of Appeals, District I., Applying The Regularly

Followed ["Clearly Stronger Than"] Review Only For Claim(s) and Issue(s) Thereof Not Raised During The §974.02 Wisconsin First Appeal Of Right, Circuit Court Required "Correlated" Evidentiary Motion Development Requirement for §809.30 Appellate Rule Review Jurisdiction Exercise. 3.] Petitioners' submitted [Cause And Prejudice] Showing to the State §974.06 Wis. Stats., Collateral Post-Conviction Review undertaking, thereon, was Not Addressed By This District Court; nor 4.] The Denial By Prison Staff Loss Of Pro Se [Reply Brief] Filing, That Prisoners' Are Mandated To Place With Prison Staff For E-Filing To The Clerk Of Courts Office, Issue Addressed. Finally, the Assertion Of District Court Judge, Barbara B. Crabb, that No Honest Federal Court Judge could disagree with Her Conclusion Reached Here, Her Refusal To Apply The "Contrary To" Test Review To The Ineffective Assistance Of Trial Counsel Claim Issues, That First Appeal Of Right Refused To Raise In The §974.02 Wis. Stats., Motion, Or "Procedural Default" [Cause And Prejudice] Issue Refusal To Address. All Require The Issuance Of Appellate Review, In Light That Judge Crabb Is Reversed Two To Three Times Every Year, In Her §2254 and/or §1983 Civil Action(s) Judgment Issuance Undertakings. To Prevent A Miscarriage Of Justice In this Case entitled meaningful §2254 Review actuality; **Slack v. McDaniel**, 529 U.S. 473, 484 (2000). I.e., **Jennings v. Woodford**, 290 F.3d 1006, 1011 (9th Cir. 2002)("The substantial showing standard required for a COA is "relatively low." Citing Slack v. McDaniel"); (Attachment - #1).

Here, the Honorable Barbara B. Crabb on February 11, 2021 also filed the necessary Judgment In A §2254 Case, thereby Dismissing this case (Attachment - #2). Hereby, under 28 U.S.C. §1291 Appellate Jurisdiction is Granted this United States Court Of Appeals

-2-

For The Seventh Circuit to adjudicate the Merit(s) of this §2254 Action, and to determine whether or not the [Cause And Prejudice] Demonstration Warrants the Exercise of the District Courts Review allowance over the declared [Procedural Defaulted] Sixth Amendment Claim and Issue(s) thereof of Trial Counsel [Abandonment] based upon Mental Break-Down Sufferage brought on by the Death of His Father, while preparing for Trial on Four(4) Counts of First Degree Homicide, and its Extremely High Profile Within' the City Of Milwaukee, Wisconsin during that time. As well the Jurisdiction to Issue a Certificate Of Appealability Necessary for this Court of Appeals for the Seventh Circuit, To exercise its appellate Review authority hereover, especially in light of the material actuality that this case [Defense] situation is a cause of the actuality of a Miscarriage Of Justice..

**Dated this 05th day of March, 2021. Portage; Wisconsin.**

Petitioner James R. Washington [DOC: #301901-A], with the Inmate-To-Inmate Legal Assistance Of Prisoner Legal Aid, Oscar B. McMillian [DOC: #042747-A], does forward this [Notice Of Appeal], Pursuant To F.R.A.P., Rule #4(a)(1) and Rule #3(a)(1) Time Limit herefore to the Clerk Of Courts Office, within its necessary Rule #3(c)(1)(B) Contents required submission, and F.R.C.P., Rule #3 (4) Liberal Construction allowance of Pro Se [Prisoner] Filings.

Dated this 05th day of March ,2021 Portage;Wisconsin

Respectfully Filed By:
James R. Washington #301901-A
Columbia Correctional Inst.
Portage;Wisconsin 53901-0900